UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Eugene Scalia, Secretary of Labor, U.S. Department of Labor,<br><br>    Plaintiff,<br><br>v.<br><br>Davis Contract Pumping, Inc., and Jeff Davis,<br><br>    Defendants. | Case No.  CIV-20-730-PRW |

**COMPLAINT**

    Eugene Scalia, Secretary of Labor for the United States Department of Labor (the "Secretary"), files this Complaint under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA" or "the Act"). The Secretary seeks to: (1) enjoin Defendants from violating the provisions of sections 7, 11, 15(a)(2) and 15(a)(5) of the Act; (2) restrain Defendants from withholding payment of overtime compensation owed under the Act to employees who are named in the attached Exhibit A, for the period of time between May 1, 2018 and September 17, 2019; and (3) recover the amount of unpaid overtime compensation together with an equal additional amount as liquidated damages. In support thereof, the Secretary states as follows:

**THE PARTIES**

    1.    The Secretary is authorized to enforce the provisions of the FLSA, to recover back wages and liquidated damages, and to seek injunctive relief on behalf of employees employed in violation of the FLSA's overtime and record keeping provisions. 29 U.S.C. §§ 207, 211(c), 215(a)(2), 215(a)(5), 216(c), and 217.

2. Davis Contract Pumping, Inc. ("DCP"), is an Oklahoma corporation with its principal place of business in Dill City, Oklahoma, and at all times relevant to this Complaint, has been engaged in business in Oklahoma providing services to oil and gas drilling companies such as daily checks of gauges, fluid lines, pump operations, and regulator performance, and minor equipment repairs and adjustments.

3. Jeff Davis is an individual residing in Oklahoma. At all relevant times herein, he has been an owner, officer, and operator of DCP. He acted directly or indirectly in the interest of DCP in relation to its employees by setting policies and procedures, making hiring, firing, discipline and compensation decisions, and managing the day-to-day operations of the company. Mr. Davis is an employer as defined in §3(d) of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action pursuant to sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216 and 217, and by 28 U.S.C. § 1331 (federal question) and § 1345 (United States as Plaintiff).

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 insofar as the subject events or omissions occurred in this Judicial District, DCP has its principal place of business in this Judicial District, and Mr. Davis resides in this Judicial District.

## FLSA STATUTORY COVERAGE

6. At all relevant times herein, Defendants have been an "enterprise" within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r), in that the activities of Defendants have constituted related activities performed through unified operation or common control for a common business purpose.

7. At all relevant times herein, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A)

of the Act, 29 U.S.C. § 203(s)(1)(A), in that they have employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that they have an annual gross volume of sales made or business done of not less than $500,000.

## OVERTIME VIOLATIONS

8. For the period between May 1, 2018 and September 17, 2019, Defendants willfully violated the provisions of sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207, 215(a)(2), by employing certain of their employees in excess of forty hours per week without compensating said employees one-and-one-half their regular hourly rates for hours over forty in such workweeks.

9. Specifically, Defendants misclassified certain of their employees as independent contractors and paid them a fixed salary that did not provide for compensation at one-and-one-half times the employees' regular hourly rates for hours over forty in a workweek.

10. The violations set forth at paragraphs 8-9 are willful. DCP, as well as a related business owned and operated by Mr. Davis, has been the subject of prior investigations by the Department of Labor in which similar overtime violations were found. Defendants were counseled during these prior investigations on the FLSA's overtime provisions and thus were aware of the FLSA. Nevertheless, Defendants failed to compensate their employees in accordance with the FLSA.

## RECORDKEEPING VIOLATIONS

11. Defendants violated the provisions of sections 11(c) and 15(a)(5) of the FLSA in that they failed to make, keep, and preserve accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations issued pursuant to authority granted in the FLSA and found in 29 C.F.R. Part 516.

12. Specifically, Defendants failed to record accurately the regular rates of employees in pay periods in which hours were worked in excess of 40 in a workweek. Defendants also failed to record accurately the hours worked each week by their employees.

## **PRAYER FOR RELIEF**

13. As a result of the violations alleged above, Defendants owe unpaid overtime compensation to their employees named on Exhibit A (attached hereto and incorporated herein) for the period of May 1, 2018 through September 17, 2019.

14. Defendants have violated the FLSA. An order enjoining the alleged violations and restraining the withholding of unpaid overtime compensation found to be due the employees is specifically authorized by section 17 of the FLSA, 29 U.S.C. § 217. In addition, a judgment for liquidated damages, in an amount equal to the unpaid minimum wages and overtime compensation, is specifically authorized by section 16 of the FLSA, 29 U.S.C. § 216(c).

**WHEREFORE**, cause having been shown, the Secretary prays for judgment against Defendants as follows:

1. For an order pursuant to section 17 of the FLSA permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from violating sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act;

2. For an order pursuant to section 16(c) of the FLSA finding Defendants liable for unpaid overtime compensation due to Defendants' employees for the period of May 1, 2018 through September 17, 2019, and for liquidated damages equal in amount to the unpaid compensation found due Defendants' employees listed on Exhibit A;

3. In the event liquidated damages are not awarded, for an order pursuant to section

17 of the FLSA enjoining and restraining Defendants from withholding payment of unpaid overtime compensation found due Defendants' employees listed on Exhibit A, and for additional compensation that may be owed to employees presently unknown to the Secretary for the period covered by this complaint, and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C § 6621;

4. A monetary award to the Secretary for the costs of this action; and

5. Such other and further relief as this Court deems just and appropriate.

Dated this 28th day of July, 2020.

        Respectfully submitted,

        KATE S. O'SCANNLAIN
        Solicitor of Labor

        JOHN RAINWATER
        Regional Solicitor

        LYDIA TZAGOLOFF
        Acting Associate Regional Solicitor

        TYLER McLEOD
        Acting Counsel for Wage and Hour

        *s/Summer Silversmith*
        SUMMER SILVERSMITH
        Trial Attorney
        U.S. DEPARTMENT OF LABOR

United States Department of Labor
Office of the Solicitor
1244 Speer Boulevard, Suite 515
Denver, Colorado 80204-3516
Tel. (303) 844-5246
Fax (303) 844-1753
silversmith.summer@dol.gov

**Exhibit A**

**Employee Name**

Marco Aleman
William Booth
Jayton Bryant
Landon Davis
Toby Davis
Jason Hulett
Kevin Kehoe
Koby Sperle
Kevin Williams